IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              No. CR 18-3063 RB

TRACY FLETCHER,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on a letter Ms. Fletcher submitted to the Court on April 17, 2020, which the Court construes as a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 41.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is well-taken and should be **GRANTED**.

**I.**    **Background**

On January 15, 2019, Ms. Fletcher pled guilty to an Information charging possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Docs. 3; 27; 30.) The Court sentenced Ms. Fletcher to 33 months imprisonment. (Doc 38.) She has served approximately 23 months of that sentence, and her projected release date is January 28, 2021. (Docs. 43 at 2; 43-1.) She now moves for compassionate release due to her "debilitated medical condition." (*See* Doc. 41.)

**II.**    **Discussion**

Ms. Fletcher seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (*See* Doc. 41.) Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence

either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Ms. Fletcher filed a request with the warden of FCI Dublin on June 18, 2020. (See Doc. 43-2.) While the warden recommended consideration, the Office of General counsel denied Ms. Fletcher's request because it found that she does not meet the criteria to qualify for a reduction in sentence based on a debilitating illness. (Docs. 43-3; 43-4.) The Government stipulates that Ms. Fletcher has exhausted her administrative remedies for purposes of this Opinion. (See Doc. 43 at 4.)

### A. Ms. Fletcher has shown extraordinary and compelling circumstances.

Ms. Fletcher moves for compassionate release pursuant to Section 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" in relevant part where: "The defendant is (I) suffering from a serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 app. § (1)(A)(ii)(I). Ms. Fletcher asserts that she is suffering from a debilitating condition that limits her ability to care for herself and cannot be corrected while she is in prison. (Doc. 41 at 3.)

The treating doctor at FCI Dublin has diagnosed Ms. Fletcher with "severe, end-state osteoarthritis of the right hip with possible femoral head avascular necrosis and severe osteoarthritis of the left hip." (See Doc. 43-3 at 1.) The warden, who recommended consideration

be given to Ms. Fletcher's compassionate release request, stated that Ms. Fletcher's "severe pain has resulted in her inability to ambulate, requires the use of a wheelchair for any movement[,]" and necessitates bilateral hip replacement surgery. (*Id.*) She cannot receive the surgery while in BOP custody, however, because there is insufficient time remaining on her sentence to re-designate her to a BOP medical facility. (*Id.*)

The Government argues that Ms. Fletcher is unable to show that she cannot provide self-care because she "receives regular pain management and utilizes a wheelchair. She is able to independently transfer in and out of her wheelchair and self-propel. She remains independent in her daily living, including bathing, dressing, grooming, eating, toileting, transfers, etc." (Doc. 43 at 5 (citing Doc. 43-4).) Ms. Fletcher notes, however, that it is "becoming more difficult and painful to stand . . . and bend to wash in the shower." (Doc. 41 at 3.) Thus, her ability to provide necessary self-care is diminishing without medical intervention. Moreover, a December 5, 2019 medical note reveals that her pain is not being controlled. (Doc. 44-1 at 1.) Because surgery is recommended and she cannot receive it while incarcerated, her medical provider stated that he would support her as a candidate for compassionate release due to her debilitated medical condition. (*Id.*)

The Court agrees with the warden and the treating doctor. Ms. Fletcher's medical condition is debilitating and provides extraordinary and compelling circumstances for a sentence reduction.

### B.     Other considerations weigh in favor of a sentence reduction.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines §

1B1.13 & (2). The Government does not argue that the relevant factors counsel against a reduction, nor that Ms. Fletcher would be a danger to the community. (*See* Doc. 43.) Further, the warden stated that Ms. Fletcher "is not a risk to the community or at risk of reoffending." (Doc. 43-3 at 2.)

Given Ms. Fletcher's health problems, the Court agrees that she does not pose a risk to the community if released early. Ms. Fletcher has served approximately 70% of her sentence and would be released in just under four months. In the face of her debilitating medical condition, the Court finds that the sentence she has served thus far is adequate under § 3553(a).

**THEREFORE,**

**IT IS ORDERED** that the Motion for Compassionate Release (Doc. 41) is **GRANTED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE